## MILLER v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. June 16, 1925.)

No. 3283.

1. **Indictment and information** ⊚⇒40—**District attorney need not have leave of court to file information.**

Information may be filed by district attorney without leave of court.

2. **Indictment and information** ⊚⇒52(1)—**Information need not be supported by proof of probable cause.**

Information may be filed by district attorney without proof of probable cause.

3. **Criminal law** ⊚⇒99—**Voluntary appearance and plea of not guilty gives jurisdiction.**

Defendant's voluntary appearance and plea of not guilty gave court jurisdiction over him, so it could require him to give bail for further appearance for trial.

**4. Witnesses ⚬⟶270(1)—Limiting cross-examination on irrelevant matters not error.**

Declining to allow questions on cross-examination on matters which would have been irrelevant, and necessitated calling of witnesses in denial, and have diverted attention of jury from real issues, is not error.

In Error to the District Court of the United States for the District of New Jersey; John Rellstab, Judge.

Prosecution by the United States against Louis Miller for violations of the National Prohibition Act. Judgment of conviction, and defendant brings error. Affirmed and remanded.

Harry Heher, of Trenton, N. J., for plaintiff in error.

Walter G. Winne, U. S. Atty., of Hackensack, N. J., Richard C. Plumer, of Newark, N. J., and James S. Turp, Asst. U. S. Atty., of Trenton, N. J.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below the United States, on March 20, 1924, acting by the district attorney, filed a criminal information against Louis Miller, charging in its several counts violations of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) and the maintenance of a nuisance. On March 24th Miller voluntarily appeared, pleaded not guilty, and gave bail for appearance for trial. When the information was moved for trial on October 6, he moved to quash the information and for a verdict in his favor, on the ground that it was filed without proof of probable cause and without leave of court. This motion was denied; trial followed. Miller was found guilty, thereafter sentenced, and sued out this writ of error. The questions involved are the sufficiency of the information and the court's refusal to allow certain questions on cross-examination.

[1-4] The question of the sufficiency of informations filed at the instance of the district attorney and without leave of court has been discussed and decided of late in the other federal courts, and we confine ourselves to saying we are in accord with the action of the court below in following these numerous decisions and denying Miller's motion to quash. From them we cite only Weeks v. United States, 216 F. 292, 132 C. C. A. 436, L. R. A. 1915B, 651, Ann. Cas. 1917C, 524; quoted with approval in United States v. Thompson, 251 U. S. 407, 40 S. Ct. 289, 64 L. Ed. 333. The voluntary appearance of the defendant and the entry of his plea gave the court jurisdiction over him, and it thereafter had power to require him to give bail for his further appearance for trial.

As to the questions excluded by the court it suffices to say the proofs have been fully examined. The trial court allowed considerable latitude in examination, but we find no error in its putting an end to this latitude, and declining to allow questions on matters which would have been irrelevant issues, and questions which would have necessitated the calling of witnesses in denial, and generally lead to diverting the attention of the jury from the real issues involved in this case.

Satisfied the defendant was given a full opportunity to present his own testimony and that of his witnesses, and that the case was fully and fairly submitted to the jury in a charge to which no objection is now made, we affirm the judgment imposed, and remand the record for due further procedure.